IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-CT-3170-D

| | | |
|---|---|---|
| LACY LEE WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| J.C. BLACK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Lacy Lee Williams ("Williams" or "plaintiff"), a state inmate who proceeds pro se, seeks compensatory and punitive damages under 42 U.S.C. § 1983 against Raleigh Police Officers J.C. Black ("Black"), C.D. Weir ("Weir"), M.R. Sheriam ("Sheriam"), and Steward (collectively, "defendants") [D.E. 1, 63]. Williams requests initial disclosures from defendants under Federal Rule of Civil Procedure 26(a)(1) [D.E. 78], a discovery protective order [D.E. 81], leave to file a second amended complaint [D.E. 82], and an evidentiary hearing or pretrial conference [D.E. 90]. Defendants responded in opposition to plaintiff's motions for a discovery protective order and leave to file a second amended complaint [D.E. 83, 84], and Williams replied [D.E. 86, 89]. Williams also filed a "declaration for entry of default," which the court construes as a motion for entry of default under Rule 55 [D.E. 80]. Defendants responded in opposition [D.E. 85], and Williams replied [D.E. 89]. Defendants filed a third motion for sanctions or, in the alternative, for an extension of time to file dispositive motions [D.E. 87]. Williams did not file a response in opposition. As explained below, the court dismisses without prejudice Officer Steward and denies as moot plaintiff's motion for entry of default [D.E. 80]. The court denies plaintiff's motion for a discovery protective order [D.E. 81], grants defendants' third motion for sanctions [D.E. 87], and dismisses this action with

prejudice. The court denies as moot plaintiff's motion for initial disclosures [D.E. 78], motion for leave to file a second amended complaint [D.E. 82], motion for an evidentiary hearing or pretrial conference [D.E. 90], and defendants' motion for an extension of time to file dispositive motions [D.E. 87].

I.

On December 20, 2007, Williams filed his original complaint [D.E. 1] and seeks at least $1,500,000.00 in damages from each defendant [D.E. 40].[1] Williams, a "brittle diabetic," alleges that Black ignored his requests for insulin during his arrest on October 22, 2007. Am. Compl. 3.[2] Williams also claims that Black detained him for several hours in the police car without air circulation, denied him the opportunity to use the restroom, and failed to provide water. Id. 3-4. Several hours after his arrest, Williams reports that an ambulance delivered him to Rex Hospital ("Rex"). Id. at 4. At Rex, Williams asserts that he received treatment for protein in his urine, dehydration, diabetic ketone, and coughing attributable to poor air circulation. Id. Williams claims that Black was deliberately indifferent to his serious medical needs in violation of his constitutional rights as a pretrial detainee. See id. at 5.

Williams' second claim allegedly arose during his Rex hospitalization. See id. at 4. On October 25, 2007, Williams asserts that Weir and Sheriam awakened him by twisting his wrists and placing handcuffs in an "abnormal position." Id. According to Williams, his hands were restrained so tightly that his intravenous drip burst. Id. Williams also claims that he was punched in the

---

[1]Williams is incarcerated at Central Prison. See N.C. Dep't of Corr. Offender Pub. Info., http://webapps6.doc.state.nc.us/opi/offendersearch.do?method=view (last visited June 16, 2010). Williams' projected release date is August 28, 2024. Id.

[2]Black arrested Williams for assaulting his female roommate. See Defs.' Third Mot. Sanctions 2. On May 14, 2008, a jury convicted Williams of assault on a female and found him not guilty on a strangulation charge. Id.

2

testicles. Id. Williams alleges that Weir and Sheriam violated his constitutional rights as a pretrial detainee through their excessive use of force. Id. at 5.

Defendants Black, Weir, and Sheriam deny Williams' allegations and assert various affirmative defenses, including qualified immunity [D.E. 22, 68].

On October 8, 2008, Williams filed a motion to amend his complaint [D.E. 40], and on July 15, 2009, the court granted Williams' request [D.E. 62]. In his amended complaint, Williams named "Officer 'Steward' of the Raleigh Police Department" as an additional defendant. See Mot. to Amend 1.[3] Williams claims that Officer Steward assisted Black during his arrest on October 22, 2007. Id. Accordingly, Williams alleges that Steward was deliberately indifferent to his serious medical needs by denying his requests for insulin to treat his diabetes. See id.

On September 9, 2009, the court issued a summons to Steward [D.E. 71]. Because Williams proceeds in forma pauperis under 28 U.S.C. § 1915, the court directed the United States Marshals Service ("USMS") to serve Steward. See Fed. R. Civ. P. 4(c)(3). On September 23, 2009, the USMS returned for filing with the court Steward's unexecuted summons [D.E. 73]. The Deputy Marshal, who attempted service, certified that the desk officer reported that "no one by the last name of Steward works for Raleigh P.D. as an officer." USM-285 Service of Process Form 1. On September 24, 2009, the court notified Williams that service of process had not been obtained upon Officer Steward [D.E. 74]. On September 30, 2009, Williams filed a response to the notice [D.E. 76]. Quoting the summons, Williams claims that Steward received notice that a lawsuit had been filed against him and an answer to the complaint must be filed within twenty days after service. Pl.'s Rule 4(m) Resp. 1. According to Williams, he is not obligated to serve Steward with the

---

[3]Williams failed to provide a first name for Officer Steward. See, e.g., Mot. Amend [D.E. 40]; Pl.'s Resp. to Defs.' May 20, 2009 filings [D.E.61]; Am. Compl. [D.E. 63].

summons and complaint. Id. at 1–2. Williams insists that the summons indicates that Steward was served. Id. at 2.

Under Rule 4(m) of the Federal Rules of Civil Procedure, the court must dismiss without prejudice a defendant who has not been served within 120 days after the complaint is filed. See Fed. R. Civ. P. 4(m). The court may extend the time for service upon plaintiff's showing of good cause for the failure to serve a defendant within the requisite 120-day time period. Id. After returning Steward's unexecuted summons to the court, the USMS fulfilled its responsibility concerning service. Officer Steward has not been served within 120 days of the filing of the amended complaint, and Williams has not made a showing of good cause for this failure. Thus, the court dismisses without prejudice plaintiff's claim against Officer Steward. See id. Having dismissed defendant Steward, the court denies as moot plaintiff's motion for entry of default [D.E. 80].

Next, the court addresses plaintiff's motion for a discovery protective order [D.E. 81] and defendants' third motion for sanctions [D.E. 87]. The discovery process has been contentious and remarkable for Williams' refusal to provide responses to defendants' requests and comply with the court's orders. Indeed, the court has entered three orders to address plaintiff's discovery failures and make clear Williams' obligations [D.E. 42, 62, 70]. Essentially, the controversy centers on defendants' efforts to obtain complete copies of plaintiff's medical records. See Defs.' Third Mot. Sanctions 2–12. Defendants have faced particular difficulty in trying to obtain plaintiff's Rex Hospital records.[4]

On October 10, 2008, the court considered defendants' motion for sanctions for plaintiff's

---

[4]Initially, defendants allege that they attempted to secure copies of Williams' medical records from Rex Hospital by subpoena in accordance with 45 C.F.R. § 164.512(e)(1)(ii). Defs.' Third Mot. Sanctions 3. Rex refused to comply absent a medical release from plaintiff. See id. Thereafter, defendants directed discovery requests to Williams asking for signed medical releases or copies of his medical records. Id. at 3–5.

4

failure to respond to the first request for production of documents and defendants' motion to compel plaintiff's answers to interrogatories [D.E. 42]. The court stated:

> Under Federal Rule of Civil Procedure 37, a court may dismiss the complaint due to a plaintiff's failure to obey rules governing discovery and orders of the district court. See, e.g., Fed. R. Civ. P. 37(b)(2)(A)(v); Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976) (per curiam); Mut. Fed. Sav. & Loan v. Richards & Assocs., 872 F.2d 88, 92 (4th Cir. 1989); Wilson v. Volkswagen of Am., Inc., 561 F.2d 494, 503–05 (4th Cir. 1977). In an abundance of caution, the court provides plaintiff until October 31, 2008 to serve defendants with the materials they seek. Plaintiff is warned that his failure to comply, thereby precluding defendants from obtaining his medical records and the other discovery necessary to address his claims in the complaint, may result in the dismissal of this action. See Hathcock v. Navistar Int'l Transp. Corp., 53 F.3d 36, 40–41 (4th Cir. 1995). Dismissal would be an appropriate sanction because no lesser sanction will allow for the collection of materials needed to defend this suit. Compare In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d 1217, 1242–43 (9th Cir. 2006) with Malot v. Dorado Beach Cottages Associates, 478 F.3d 40, 45 (1st Cir. 2007). Therefore, the motions to compel are allowed, while the request for sanctions in the form of dismissal is held in abeyance while plaintiff is given time to comply.

Id.

On July 15, 2009, the court addressed defendants' second motion for sanctions for plaintiff's failure to respond to the request for production of documents, defendants' motion to compel plaintiff's answers to interrogatories, and defendants' additional motion for sanctions for plaintiff's failure to comply with the court's October 10, 2008 order to produce discovery [D.E. 62]. The court summarized defendants' unsuccessful efforts to obtain discovery from Williams and incorporates that summary in this order. See id. The court stated:

> In exercising its discretion concerning dismissal as a sanction, a district court is to analyze the following four issues:
>
> > (1) whether the noncomplying party acted in bad faith;
> > (2) the amount of prejudice his noncompliance caused

> his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., 872 F.2d 88, 92 (4th Cir. 1989). The discovery at issue directly relates to the essential elements of plaintiff's claims, and is, therefore, material to defendants' ability to refute plaintiff's allegations. Moreover, the court has a compelling interest in discouraging plaintiff and others from disobeying court orders and failing to comply with discovery obligations.

As for bad faith, Williams has acted in bad faith. Partial compliance is not compliance. Both the discovery requests and this court's order are clear, yet plaintiff seems to think that he gets to decide whether to answer the discovery requests or to comply with the court order. He does not.

Finally, the court assesses the effectiveness of a sanction less drastic than dismissal and finds it appropriate to provide one final chance to comply. Accordingly, defendants' motions for sanctions to dismiss the action or strike plaintiff's complaint once again are held in abeyance [D.E. 31, 35, 51]. Nonetheless, defendants' motion to compel is allowed because plaintiff has not provided complete responses to defendants' discovery requests and has failed to comply with this court's October 10, 2008 order [D.E. 51]. Williams must answer the interrogatories, provide the requested documents, and respond to the requests for admissions. If plaintiff fails to comply with this order, the court will dismiss the action. In order to facilitate plaintiff's response, defendants shall serve Williams with another copy of the previously-issued discovery by July 24, 2009. The discovery shall include a HIPAA ["Health Information Portability and Accountability Act"] authorization form effective for the period October 1, 2005, through September 1, 2009. If plaintiff fails to execute the form without limitation, the court will dismiss the action. Plaintiff shall comply with this order by August 24, 2009. No extensions of time will be granted to respond to this order. Plaintiff's failure to comply will result in dismissal. Defendants shall notify the court not later than August 31, 2009, if they believe that plaintiff has failed to comply.

Id. at 5–6.

Defendants did not notify the court that plaintiff failed to comply with the court's order of July 15, 2009. As a result, the court denied without prejudice defendants' motions for sanctions [D.E. 70]. The court cautioned Williams that "[n]onetheless, the Hathcock warning remains operative if plaintiff again abuses the discovery process or fails to comply with this court's orders." Id.

On November 12, 2009, defendants filed their third motion for sanctions or, in the alternative, a motion to extend the dispositive motions deadline [D.E. 87]. Defendants ask the court to dismiss Williams' complaint "for his continued obstruction of discovery" in violation of the court's orders. Defs.' Third Mot. Sanctions 1. Essentially, defendants have yet to secure complete copies of plaintiff's records from Rex Hospital and other health care providers, first identified by Williams on July 28, 2009. See id. at 5–7. Williams also failed to sign the two blank HIPAA forms that defendants provided. Id. ¶ 11. Defendants' most recent efforts to obtain plaintiff's Rex Hospital records are outlined in the Declaration of Janet Cooper [D.E. 72-1]. See Decl. of Janet Cooper ("Cooper Decl.").

On July 22, 2009, Williams signed the HIPAA release of his Rex Hospital medical records to the City of Raleigh's Attorney's Office. Id. ¶ 3. On July 28, 2009, defendants received Williams' signed HIPAA releases for Central Prison and Rex Hospital. Defs.' Third Mot. Sanctions ¶ 11. Williams, however, failed to sign the two blank HIPAA forms, which defendants had also included. Id.

On August 7, 2009, Cooper states that she mailed a letter to Rex Hospital, requesting copies of Williams' medical records and enclosing the executed HIPAA release. Cooper Decl. ¶ 5. On August 26, 2009, Cooper claims that she contacted Rex Hospital's Release of Information Department and was advised that the records request was being processed. Id. ¶ 6. On September

7

21, 2009, Cooper asserts that she placed a second call to the hospital's Release of Information Department regarding the status of defendants' request and indicated that she would pick up the records when they were ready. Id. ¶ 8. Cooper confirmed her request and offer by facsimile immediately after her call to the Release of Information Department. Id.

On September 22, 2009, according to Cooper, she again called the Release of Information Department and spoke with Donna Finegan, who indicated that she processes attorney requests for medical records. Id. ¶ 9. Cooper reports that she confirmed to Finegan her request to pick up the medical records in person when they were ready. Id. ¶ 10. Cooper asserts that she again called Finegan to check the status of the records. Id. ¶ 11. Later that day, Cooper claims that Finegan called her and indicated "for the first time" that Williams' signed release failed to meet the hospital's standard for the disclosure of "confidential information." Id. ¶ 12. For that reason, Cooper states that Finegan reported that Rex was unable to release Williams' records. Id. Because Williams records were "replete with confidential information," Cooper claims that Finegan declined her request to provide all non-confidential information. Id. ¶ 13. On September 22, 2009, at Cooper's request, Finegan allegedly faxed to her a release that resolved Rex's confidentiality concerns. Id. ¶ 14.

Also on September 22, 2009, defense counsel wrote to Williams and enclosed blank releases. Defs.' Third Mot. Sanctions, Ex. 1. Specifically, defendants asked Williams to sign Rex Hospital's release, HIPAA releases for the health care providers and pharmacies that plaintiff identified in his July 28, 2009 discovery responses, and a release for a July 1, 2008 letter from North Carolina Prisoner Legal Services, Inc. ("NCPLS") to plaintiff. Id.[5] Counsel requested plaintiff's

---

[5]In response to defendants' request for production of documents, Williams allegedly indicated that he had destroyed the July 1, 2008 letter from NCPLS, but agreed to provide a release so that defendants could secure a copy directly. See Defs.' Third Mot. Sanctions, Ex. 1.

8

response by September 28, 2009, and provided a return envelope. Id.

On October 6, 2009, defense counsel wrote to Williams regarding his failure to respond to her September 22, 2009 release requests. Defs' Third Mot. Sanctions 6–7; see also id. Ex. 2. Counsel reviewed defendants' discovery efforts and reminded Williams of the court's Hathcock warning concerning discovery abuse and sanctions. Id. Ex. 2. In addition, counsel informed Williams that defendants lacked a complete copy of his medical records, including "nurses['] notes related to [his] post arrest hospitalization." Id. Counsel correctly asserted that "Judge Dever has already ruled that the Officers are entitled to records covering the period [of] October 1, 2005 to September 1, 2009." Id. Counsel also reminded Williams that he has been "order[ed] by the Court twice to provide the Officers access to [his] medical records." Id. Counsel indicated that she would file a motion for sanctions, asking for the dismissal of his lawsuit, if Williams failed to provide the executed releases by October 9, 2009. Id. On October 15, 2009, apparently in lieu of executing the releases, Williams filed his motion for a discovery protective order [D.E. 81]. On November 12, 2009, defendants filed their motion for sanctions [D.E. 87]. Williams failed to file a response in opposition to the motion and has failed to respond to defendants' requests.

Williams asks the court to enter a protective order from "all discovery request[s] that [are] irrelevant." Pl.'s Mot. Protective Order 5. Williams contends that defendants' discovery requests are "too broad, embarrassing, oppressive, and unduly burdensome," and that the court must make a "good cause determination on a case-by-case basis, balancing the defendants' need for information against plaintiff['s] privacy and safety interest." Id. at 1 (emphases removed). Williams objects to defendants' September 23, 2009 request for him to sign additional HIPAA releases "concerning other personal medical history that is irrelevant . . . and beyond the scope of discovery." Id. at 4–5. Williams contends that defendants currently possess his Rex Hospital records, but offers to release

9

any other medical records if defendants can demonstrate their relevance. Id. at 5. On October 28, 2009, defendants responded in opposition to plaintiff's request for a discovery protective order [D.E. 83].

Under the Federal Rules of Civil Procedure, the court has authority to manage discovery in a civil suit, including the power to enter protective orders. See Fed. R. Civ. P. 26(c). The party resisting discovery initially must demonstrate the need for a protective order. See, e.g., In re Wilson, 149 F.3d 249, 252 (4th Cir. 1998). "If this showing is made, the party seeking the materials then must establish that the information is sufficiently necessary and relevant to his case to outweigh the harm of disclosure." Id.

Defendants' need for the requested discovery is obvious. Williams alleges that Black exercised deliberate indifference in response to plaintiff's request for "his chronic disease medication of insulin." See Pl.'s Mot. Protective Order 2. Nevertheless, Williams acknowledges that within a few hours of his arrest, he was transported by ambulance to Rex Hospital, where he remained for several days. Am. Compl. 3-4. As to his excessive force claim against Weir and Sheriam for allegedly punching him in the testicles at Rex Hospital, Williams asserts that he required treatment, including ice packs, pain medication, and an ultrasound. Id. at 4. Williams appears to claim that he is still being treated for his alleged injury. Id. Based on plaintiff's claims, the court already concluded that defendants' discovery requests are relevant and within the scope of permissible discovery and ordered Williams to provide complete responses to the requests [D.E. 42, 62]. Moreover, the interests of justice do not require a protective order. Accordingly, the court denies plaintiff's motion for a discovery protective order [D.E. 81].

Through Cooper's declaration, defendants demonstrate that Rex Hospital has still not released Williams' records to them and will not do so until Williams signs the Rex release. Defense

counsel twice wrote to Williams asking him to execute the enclosed releases. See Defs.' Third Mot. Sanctions, Exs. 1, 2. The October 6, 2009 letter included a reminder to Williams of the court's Hathcock warning and told him that defendants would file a motion for sanctions seeking dismissal absent his response. Id. Ex. 1. Accordingly, defendants made a good faith effort to resolve the discovery dispute before filing their motion for sanctions. See Local Civil Rule 7.1(c), EDNC.

Williams has failed to comply with this court's orders and the Federal Rules of Civil Procedure.[6] Williams offers no explanation to justify his noncompliance and indifference to the court. Although Williams took some action in response to the court's order of July 15, 2009, he continues to proceed in bad faith and to ignore the mandate to provide complete discovery responses and sign the releases for his medical records from October 1, 2005, through September 1, 2009.

Rule 37 of the Federal Rules of Civil Procedure permits a court to dismiss a complaint where a litigant abuses the discovery process and ignores court orders. See Fed. R. Civ. P. 37(b)(2)(A)(v); Nat'l Hockey League, 427 U.S. at 643; Wilson, 561 F.2d at 503–05. The Fourth Circuit has emphasized the importance of a court warning a party about the possibility of dismissal before entering such an order. See Hathcock, 53 F.3d at 40. Here, the court repeatedly has warned Williams of the court's authority to dismiss his action for failure to comply with the court's order and the Federal Rules of Civil Procedure. Indeed, Williams should have no doubt that the dismissal of this action is reasonable and likely in light of his conduct.

Williams' stubborn refusal to sign the releases proves his flagrant and callous disregard for

---

[6]The Federal Rules of Civil Procedure apply equally to pro se and represented litigants. See, e.g., Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Dancy v. Univ. of N.C. at Charlotte, No. 3:08-CV-166-RJC, 2009 WL 2424039, at *2 (W.D.N.C. Aug. 3, 2009) (unpublished) ("Although pro se litigants are given liberal treatment by courts, even pro se litigants are expected to comply with time requirements and other procedural rules 'without which effective judicial administration would be impossible.'" (quoting Ballard v. Carlson, 882 F.2d 93, 96 (4th Cir. 1989)).

the court and its orders. No justification exists for Williams' noncompliance. The current dispute involves defendants' request for Williams to sign the medical and NCPLS releases and return them in the envelope which defendants provided. The court finds that Williams continues to act in bad faith. See, e.g., Mut. Fed. Sav. & Loan Ass'n., 872 F.2d at 92.

Plaintiff's action has been pending for more than two years. See Am. Compl. 1. On the face of his complaint, Williams places his medical condition at issue. See id. at 3–5. Despite efforts dating back to August 8, 2008, defendants have not secured copies of plaintiff's medical records from Rex Hospital. See Defs.' Third Mot. Sanctions ¶ 6. In addition, defendants do not have Williams' medical records from the health care providers identified in his July 28, 2009 discovery response. See id. ¶ 15. Under HIPAA, medical records may not be disclosed without the patient's signed consent. See 45 C.F.R. § 164.512. Therefore, defendants cannot secure plaintiff's medical records absent a signed release.

Defendants seek Williams' medical records to obtain information to support a motion for summary judgment. Defs.' Third Mot. Sanctions ¶ 20. Because Williams has failed to provide the medical records or signed releases for more than two years, defendants have missed the deadline for filing dispositive motions under the original scheduling order and three extensions of time [D.E. 24, 34, 44, 75]. As discussed in its previous order compelling discovery, the court again determines that the releases are relevant, directly relate to the essential elements of plaintiffs' claims, and material to defendants' ability to refute plaintiff's allegations. See Williams v. Black, No. 5:07-CT-3170-D (E.D.N.C. July 15, 2009) (unpublished); see also Mut. Fed. Sav. & Loan Ass'n., 872 F.2d at 92.

The court needs to deter plaintiff's noncompliance. See Mut. Fed. Sav. & Loan Ass'n., 872 F.2d at 92. Williams is a prodigious litigant in the Eastern District of North Carolina. On at least three previous occasions, Williams filed actions in the district court that were dismissed as frivolous

or for failure to state a claim upon which relief may be granted. See Williams v. Wake County Jail, No. 5:07-CT-3167-D (E.D.N.C. Mar. 3, 2008) (unpublished) (dismissed as frivolous), aff'd, 295 Fed. Appx. 564 (4th Cir. 2008) (per curiam) (unpublished); Williams v. Wake County Jail, No. 5:07-CT-3169-H (E.D.N.C. Feb. 29, 2008) (unpublished) (dismissed as frivolous), aff'd, 274 Fed. Appx. 279 (4th Cir. 2008) (per curiam) (unpublished); Williams v. Polk, No. 5:04-CT-144-FL (E.D.N.C. Apr. 19, 2004) (unpublished) (dismissed as frivolous), aff'd, 118 Fed. Appx. 775 (4th Cir. 2005) (per curiam) (unpublished); Williams v. Creecy, No. 5:98-CT-266-BR (E.D.N.C. May 13, 1998) (unpublished) (dismissed with prejudice). On October 23, 2009, this court determined that one of Williams' previous actions was barred under 28 U.S.C. § 1915(g). See Williams v. Gessner, No. 5:08-CT-3152-D (E.D.N.C. Oct. 23, 2009) (unpublished), dismissed, No. 10-6135 (4th Cir. May 26, 2010) (unpublished) (failure to prosecute). The court also has dismissed under 28 U.S.C. § 1915(g) two more of his cases. See Williams v. Municipality, Raleigh, NC, No. 5:09-CT-3129-FL (E.D.N.C. Sept. 11, 2009) (unpublished); Williams v. Sanders, No. 5:09-CT-3020-FL (E.D.N.C. June 16, 2009) (unpublished), appeal docketed, No. 10-6707 (4th Cir. May 12, 2010).[7] Williams apparently believes that civil litigation in this court is a joke, and that he is in charge. Williams is wrong on both counts. To permit Williams to proceed would embolden him to continue to thwart discovery, manipulate the judicial process, and callously disregard court orders.

As for the effectiveness of less drastic sanctions, the court finds that in light of Williams'

---

[7]Williams has unsuccessfully pursued other actions in the Eastern District. See, e.g., Williams v. City of Raleigh, No. 5:08-CT-3008-BO (E.D.N.C. Sept. 2, 2009) (unpublished) (granting defendants summary judgment), appeal docketed, No. 10-6200 (4th Cir. Feb. 8, 2010); Williams v. Central Prison, No. 5:08-CT-3007-BO (E.D.N.C. Sept. 2, 2009) (unpublished) (granting defendants summary judgment), dismissed, No. 09-7764 (4th Cir. Jan. 27, 2010) (unpublished) (failure to prosecute). Williams has additional claims pending. See Compl., Williams v. Aramark Food Service, No. 5:08-CT-3168-D (E.D.N.C. Dec. 12, 2008); Compl., Williams v. Central Prison, No. 5:08-CT-3012-FL (E.D.N.C. Jan. 24, 2008).

incarceration and in forma pauperis status, monetary sanctions would be futile. See Mut. Fed. Sav. & Loan Ass'n., 872 F.2d at 92. The court has warned Williams that "[p]artial compliance is not compliance. Both the discovery requests and this court's order are clear, yet plaintiff seems to think that he gets to decide whether to answer the discovery requests or to comply with the court order. He does not" [D.E. 62]. The record demonstrates Williams' "pattern of indifference and disrespect to the authority of the court." Mut. Fed. Sav. & Loan Ass'n, 872 F.2d at 93. Williams ignored the court's generous extension of one last chance to comply.

In light of its analysis of the record and of Mutual Federal Savings and Loan Association, the court concludes that dismissal with prejudice is warranted. Accordingly, the court grants defendants' third motion for sanctions [D.E. 87] and dismisses this action with prejudice. The court denies as moot all remaining pending motions [D.E. 78, 82, 90].

II.

As stated, the court DISMISSES without prejudice Officer Steward and DENIES as moot plaintiff's motion for entry of default [D.E. 80]. The court DENIES plaintiff's motion for a discovery protective order [D.E. 81]. The court GRANTS defendants' third motion for sanctions [D.E. 87] and DISMISSES this action with prejudice. The court DENIES as moot plaintiff's motion for initial disclosures [D.E. 78], motion for leave to file a second amended complaint [D.E. 82], motion for an evidentiary hearing or pretrial conference [D.E. 90], and defendants' motion for an extension of time to file dispositive motions [D.E. 87]. The Clerk of Court is DIRECTED to close the case.

SO ORDERED. This 16 day of June 2010.

JAMES C. DEVER III
United States District Judge